United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Isaac Kavalan,<br><br>    Plaintiff,<br>  v.<br><br>US Bank, NA., et al.,<br><br>    Defendants. | NO. C 11-02006 JW<br><br>**ORDER CONTINUING DEFENDANTS' MOTION TO DISMISS TO NOVEMBER 14, 2011; SETTING NOVEMBER 14, 2011 FOR HEARING ON ORDER TO SHOW CAUSE RE. DISMISSAL FOR LACK OF JURISDICTION** |

A hearing on Defendants' Motion to Dismiss[1] in this case is scheduled for November 7, 2011.

Federal courts are courts of limited jurisdiction, and it is presumed that federal courts lack jurisdiction unless a plaintiff "affirmatively" shows that the court possesses jurisdiction. See, e.g., People of the State of California ex rel. Younger v. Andrus, 608 F.2d 1247, 1249 (9th Cir. 1979). In civil cases, subject matter jurisdiction is "generally conferred upon federal district courts either through diversity jurisdiction . . . or federal question jurisdiction." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005). A district court "has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." Cnty. of Santa Clara v. Astra USA, Inc., 401 F. Supp. 2d 1022, 1030 (N.D. Cal. 2005) (citation omitted).

---

[1] (Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint, hereafter, "Motion to Dismiss," Docket Item No. 34.) To date, Plaintiff has not filed any Opposition to Defendants' Motion to Dismiss.

Here, upon review of Plaintiffs' First Amended Complaint,[2] the Court finds that it appears to lack jurisdiction over this case. First, as to diversity jurisdiction, the First Amended Complaint alleges that Defendants "were corporations doing business in California," and further alleges that several Defendants "claim addresses" at locations in California. (See FAC ¶ 14.) However, the First Amended Complaint also alleges that Plaintiff "at all times relevant . . . resided" in Fremont, California. (Id. ¶ 13.) Thus, it appears that the Court lacks diversity jurisdiction over this case.[3] Second, as to federal question jurisdiction, the First Amended Complaint pleads five causes of action, none of which raise a federal question.[4] Thus, it appears that the Court lacks federal question jurisdiction over this case.[5]

Accordingly, the Court sets November 14, 2011 for an Order to Show Cause Hearing re. Dismissal for Lack of Jurisdiction. On **November 14, 2011 at 9 a.m.**, Plaintiff shall appear to show cause, if any, by actual appearance in Court and by certification filed with the Court on or before **November 4, 2011**, why this case should not be dismissed for lack of jurisdiction. The certification shall set forth, in factual summary, the reasons why this case should not be dismissed for lack of jurisdiction. Failure to comply with any part of this Order is sufficient to warrant dismissal under Fed. R. Civ. P. 41(b), which is a dismissal on the merits.

---

[2] (Verified First Amended Complaint Seeking Monetary Damages, Statutory Damages, Punitive Damages, Injunctive Relief, and Declaratory Relief, hereafter, "FAC," Docket Item No. 33.)

[3] See, e.g., Munoz v. Small Bus. Admin., 644 F.2d 1361, 1365 (9th Cir. 1981) (explaining that diversity jurisdiction "requires that the plaintiff[] and each defendant be citizens of different states").

[4] (See FAC ¶¶ 64-105 (alleging five causes of action, all of which arise under California state law).)

[5] See, e.g., Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) (explaining that the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint") (citation omitted).

In light of this Order, the Court CONTINUES to **November 14, 2011** the November 7 hearing on Defendants' Motion to Dismiss.

Dated: October 24, 2011

JAMES WARE
United States District Chief Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Erik Wayne Kemp ek@severson.com
Michael Gerald Cross mgc@severson.com
Regina Jill McClendon rmcclendon@lockelord.com

Isaac Kavalan
3852 Sutton Loop
Fremont, CA 94536

Dated: October 24, 2011      Richard W. Wieking, Clerk

By:    /s/ JW Chambers
       Susan Imbriani
       Courtroom Deputy